UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WARREN G. TREME, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1607 c/w 22-0019 |
| ST. JOHN THE BAPTIST PARISH, ET AL | * | SECTION "I" (2) |

## ORDER AND REASONS

Before me is Plaintiffs' Motion to Exclude Unreliable Evidence and Request for Expedited Hearing regarding same. ECF Nos. 110, 11. Joseph R. Ward, on behalf of Intervenor AJSJS Development, LLC, filed an Opposition. ECF No. 112. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Expedited Hearing is GRANTED and Plaintiffs' Motion to Exclude Unreliable Evidence is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.     BACKGROUND

Plaintiffs Warren G. Treme, The AIMS Group, Inc., Fred Kinsley and AJSJS Development, LLC allegedly entered into a joint venture with a related entity to mine clay in the Parish of St. John the Baptist, and after being denied the necessary permits for same, filed suit against the Parish of St. John the Baptist and St. John the Baptist Parish Council. ECF Nos. 1, 77, 78. One of the alleged joint venture members, AJSJS Development, LLC ("AJSJS"), filed a Motion to Intervene in the lawsuit asserting that it owns the mining rights and it is not a member of the alleged joint venture. ECF No. 12. Plaintiff did not oppose the motion to intervene but disputed the factual assertions in the intervention, and the motion was granted. ECF Nos. 15, 24. AJSJS's counsel Ward then filed a Motion to Remove Counsel and Enroll for AJSJS and for

1

Sanctions. ECF No. 59. This Court heard oral argument on November 30, 2022, and granted the parties seven days to file post-hearing briefs. ECF No. 106.

On December 11, 2022, Plaintiff filed this Motion to Exclude Unreliable Evidence Contained in Documents Submitted by Ward in connection with the Motion to Remove Counsel (ECF No. 110) and sought expedited hearing on same. Plaintiff seeks to exclude four documents: (1) the July 24, 2020 Resolution (ECF No. 59-3) on the basis that it contains misrepresentations regarding the holding of a meeting; (2) two documents on file with the Louisiana Secretary of State (ECF No. 59-5, at 5 & 6) that are allegedly based on misrepresentations and thus constitute the crime of filing false documents; (3) certain portions of the Affidavit of Whitmore (ECF No. 59-13, ¶¶ 2-5 and 11-12) as unreliable and based on false information; and (4) the Affidavit of Ryan (ECF No. 91-1) because Ryan has invoked his Fifth Amendment rights and he lacks personal knowledge of the matters set forth therein. *See* ECF No. 110-1.

## II. APPLICABLE LAW AND ANALYSIS

Initially, to the extent that any affidavit contains conclusory allegations and legal conclusions, those statements will not be considered.[1] Any portions of the affidavit that are clearly hearsay, clearly lack a basis of personal knowledge, or both, will also be disregarded.[2] The Affidavits in their entirety, however, will not be excluded. Further, Ryan's invocation of his Fifth Amendment rights is not a blanket invocation that precludes consideration of any evidence. Rather, in civil discovery, courts must review assertions of Fifth Amendment privilege against self-incrimination on a question-by-question basis.[3]

---

[1] *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) (holding that a court should not strike an entire affidavit when portions are inadmissible) (citations omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (holding that a court should disregard the inadmissible portions of a challenged affidavit).
[2] *Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012) (district court may *sua sponte* exclude evidence at summary judgment stage).
[3] *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976) ("A witness may not withhold all of the evidence demanded of him merely because some of it is protected from disclosure by the Fifth Amendment. A blanket

Courts, including those within this district,[4] regularly take judicial notice of public records, including those filed with the Secretary of State.[5] Plaintiffs' motion practice regarding who is the proper attorney to proceed on behalf of the LLC party is not the appropriate method to address substantive attacks on the authority of the designated manager to hire counsel. That relief is more appropriately obtained through other means (e.g., *quo warranto* action filed in state court).

Likewise, the July 24, 2020 resolution should not be excluded based on the alleged misrepresentation as to the holding of a meeting. As Plaintiff admitted during oral argument, the signatures on the resolutions are valid and are not alleged to be forgeries. To the extent that Plaintiffs attack the veracity of the resolutions, as the Court noted during oral argument, both resolutions suffer from the same defect. Again, the first resolution dated July 9, 2020, under which Ryan was removed as manager and replaced with Treme as manager was effected by written consent even though it states that a meeting was held. Likewise, the second resolution dated July 24, 2020, under which Treme was removed as manager and replaced with Whitmore as named

---

refusal to testify is unacceptable. A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded.") (citations omitted), *supplementing on denial of reh'g*, 543 F.2d 1175 (5th Cir. 1976); *Anton v. Prospect Café Milano, Inc.*, 233 F.R.D. 216, 218 (D.C. 2006) (citing *U.S. v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991)); *In re Mid Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 360 (D. Md. 1981); *Mooney by and through Mooney v. Wallace*, No. 1:04-1190, 2005 WL 8156552, at *2 (W.D. Tenn. Sept. 9, 2005) ("Thus, to validly assert the privilege in a non-criminal setting, the witness must not only demonstrate a reasonable fear of future incrimination, but he must do so on a question-by-question basis."). Courts employ a six factor test to determine if the Fifth Amendment privilege is at issue. *Frierson v. City of Terrell*, No. 3:02-2340, 2003 WL 21355969, at *2 (N.D. Tex. June 6, 2003) ("To achieve that balance, this Court uses a six-factor test: '(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.'") (citations omitted).

[4] *See, e.g., White v. Sherwin-Williams Co.*, No. 19-11580, 2020 WL 1064939, at *3 (E.D. La. Mar. 5, 2020) (Milazzo, J.) (recognizing that business filings with the Louisiana Secretary of State are considered public records subject to judicial notice) (citations omitted); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017) (Africk, J.) (taking judicial notice of business filings maintained by the Louisiana Secretary of State).

[5] *George v. SI Grp., Inc.*, No. 20-40427, 2021 WL 5095981, at *2 n.2 (5th Cir. Nov. 2, 2021) (citing Fed. R. Evid. 201(b); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518–19 (5th Cir. 2015) (taking judicial notice of "public records contained on the Mississippi Secretary of State's and the Virginia State Corporation Commission's websites")), *aff'd in part, rev'd in part, and remanded on other grounds*, 36 F.4th 611 (5th Cir. 2022).

3

manager was also effected by written consent even though it states that a meeting was held. Accordingly, if, as Plaintiffs allege, Treme's removal was improper based on the written consent inaccurately declaring that the action occurred during a duly convened meeting, then Ryan's removal effected in the same manner was likewise improper. Consequently, if Whitmore is not the proper manager entitled to act on behalf of the LLC based on the July 24, 2020 resolution, then neither is Treme entitled to act under the July 9, 2020 resolution, leaving Ryan as the manager of the LLC.

Plaintiffs' request to exclude the July 24, 2020 resolution but not the July 9, 2020 resolution is improper. If the July 9, 2020 resolution is considered, then the July 24, 2020 resolution must likewise be considered. If the resolutions are considered, then Whitmore is the proper manager entitled to engage counsel for the LLC. If the resolutions are not considered, then Ryan remained as manager, and according to his Affidavit, he "fully supports" the actions taken by Whitmore to have Ward enrolled as counsel for AJSJS. ECF No. 91-1, ¶ 6.

## III. CONCLUSION

Consideration of conclusory allegations and legal conclusions or portions of the affidavit that are clearly hearsay or lack a basis of personal knowledge is improper. Such statements will not be considered. The Court will, however, take judicial notice and consider documents on record with the Louisiana Secretary of State. Likewise, the Court will consider both the July 9 and July 24 resolutions in the same manner. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Expedited Hearing (ECF No. 111) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Exclude Unreliable Evidence Contained in Documents Submitted by Ward in connection with the Motion to Remove Counsel (ECF No. 110) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 13th day of December, 2022.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE